■ In the Matter of BENJAMIN BROOKS, Appellant. LOUIS L. LEVINE, as Industrial Commissioner, Respondent.— Decision affirmed, without costs. No opinion. Herlihy, P. J., Kane, Main. and Larkin, JJ., concur; Greenblott, J., dissents and votes to reverse in the following memorandum. Greenblott, J.

(dissenting). Claimant was employed as a porter and delivery man by a supermarket for approximately six years working Monday through Friday with occasional extra work on Saturdays at inventory time. In a decision of a referee it was found that claimant failed or neglected to make a delivery on Friday, September 28, 1973, that claimant did not report for work or call in the next day although he had been instructed to do so, and that when he reported for work on Monday, October 1, he was suspended and told to report to his union office. The referee concluded that there was no evidence that claimant provoked his discharge by failing to carry out his employer's instructions or by use of foul language to his supervisors but nevertheless disqualified claimant upon a finding that he failed to report to his union and in so failing to take steps to protect his employment, voluntarily permitted his employment to come to an end. On appeal to the board, it was found that claimant had been notified one week in advance that he would have a day off during the week and would thereafter work on Saturdays. The board referred to testimony of claimant's supervisor that he had been advised by the union that such a change in work days could be done upon one week's notice. The board therefore concluded that, when claimant was suspended and thereafter did not return to his employment, he voluntarily left his employment for personal noncompelling reasons and without good cause. In the initial notice of determination to claimant he was advised that he was disqualified for quitting his job without good cause, and that said determination was based upon the failure to make delivery of the customer's order and the use of foul language. Similarly, in the statement on behalf of the Industrial Commissioner it was stated that claimant provoked his discharge in that he refused to make a delivery and used foul language to his supervisor. At no point prior to the actual taking of testimony was claimant advised either that he had been discharged for failing to report to work on Saturday, September 29, or that he was disqualified from benefits for failing to report on that date. During the course of the hearing, claimant was questioned about this issue and offered the explanation that a union representative had told him he was not subject to having his day off changed in the aforesaid manner. If the issue of whether claimant was within his rights in refusing to report to work on Saturday was simply one of credibility, there would be no basis for disturbing the decision of the board. However, it is my view that claimant was given inadequate notice that this issue would be either raised at the hearing or relied on by the board in making its determination, and, therefore, it cannot be a proper basis for disqualification of benefits. Neither the initial notice of determination nor the statement on behalf of the Industrial Comissioner, as previously mentioned, gave any indication that a failure to report to work on Saturday, September 29 would be an issue. Thus, whether the issue as set forth in the notice was put in terms of "voluntary leaving without good cause", "voluntary leaving by provoking discharge" under theories in force prior to the decision in *Matter of James* (*Levine*) (34 N Y 2d 491), or "misconduct" under post-*James* doctrine, notices indicating that disqualification was because of refusal to deliver an order and/or use of foul language could not, under any analysis sanctioned by due process, adequately apprise claimant that his refusal to work on a particular day was to be an issue, regardless of the categorization. (Cf. *Matter of Murray* v. *Murphy*, 24 N Y 2d 150.) The significance of lack of notice in this case is apparent from the explanation claimant offered and which the board apparently rejected, for had claimant been given proper notice he could have called as a witness the union official who had allegedly advised him of his right not to work. The deci-

sion of the Court of Appeals in *Matter of Fraekorn (Levine)* (35 N Y 2d 869), reversing the decision of this court (42 A D 2d 917) upon the dissenting opinion of Mr. Justice Cooke clearly indicates that the important concept is that notice only satisfies the requirements of due process if it fairly gives claimant notice of the issue without requiring him to speculate as to what matters may be raised in the course of a hearing under some broad categorization. The fact that *Fraekorn* involved a finding of unavailability for employment by the board after a disqualification by the Industrial Commissioner because of a voluntary leaving of employment without good cause, does not serve as an adequate basis for distinguishing that case in refusing to apply the principles enunciated therein. I would, therefore, reverse the decision of the board and remit the case for further proceedings.